[Civ. No. 24690.   Second Dist., Div. Three.   Mar. 27, 1961.]

EDWARD JOHN GOLDEN, Appellant, v. REAL PROPERTY INVESTMENTS, INC. (a Corporation), Respondent.

*Assigned by Chairman of Judicial Council.

Ellis D. Reiter and Robert J. Sullivan for Appellant.

Dicker & Dicker and Robert L. Dicker for Respondent.

BISHOP, J. pro tem.*—The plaintiff sought to recover under the terms of an oral contract of employment. His version of the contract and that of the defendant are, plaintiff concedes, in conflict. But, he insists, the judgment that he take nothing must be reversed because a check given the plaintiff, during the life of the contract, establishes the intention of the parties as a matter of law! We are affirming the judgment.

Both parties agree that the plaintiff was employed to serve in defendant's sales organization, with a salary, at first of $600, later, of $800 per month, and that these monthly payments have all been made. Plaintiff alleged that in addition he was to receive 1 per cent of the gross sales price of real property and securities sold by the defendant. As a witness he testified that at first the commission was to be one-half of 1 per cent, but this was changed in September of 1955 to 1 per cent of all sales, no minimum.

In his opening brief, plaintiff states this: ''The one per cent arrangement is vehemently denied by the defendant.'' The vehemence of the denial does not appear from the cold record, but its positiveness does. Defendant's president, who represented it in arriving at the terms of plaintiff's employment, testified: '' 'I will pay you $600 a month as a salary and one-half of one per cent of primary sales in a fiscal year over an amount of $450,000 per fiscal year.['] '' ''Primary sales'' were explained; the words referred to the first sale of *securities*, not their resale for someone who had purchased them. He further testified that this arrangement was never changed and that in no fiscal year had the sales exceeded $450,000.

The plaintiff repeatedly expresses his familiarity with the principle that he is bound by the trial court's conclusion on questions of fact, but poses this as: ''The Justiciable Question.

---

*Assigned by Chairman of Judicial Council.

"When two parties to an agreement of employment do not have a meeting of the minds as to its provisions, but there is written evidence, and other facts, which show the true intent of the parties; do not such written evidence and other facts control to establish the intended provisions of such agreement as a matter of law?"

Before we undertake to consider this question we note the "written evidence" and "other facts." The first consists of a check from the defendant to the plaintiff for $1,750, of which $1,450 was given to the plaintiff "as his commission on the Boney Market deal?" On the check stub appears: " 'Commission on sale of Boney Market building, $1450.' " The sale price was $145,000. The "other facts" referred to are the terms of the employment of the person whose place the plaintiff took and of the person who succeeded him. He whom the plaintiff succeeded had been receiving 1 per cent commission on sales—but without any monthly salary. The person who followed the plaintiff received 1 per cent of sales in excess of $500,000, with a salary of $10,000 a year.

**▮▮** Reverting to the justiciable question that plaintiff says is to be answered as a matter of law, we find that it begins with the premise that the plaintiff and the defendant had no meeting of the minds. Rather, it could be said, charitably, that their memories of their conversations did not meet. In any event, whether there was a meeting of the minds was a question of fact—resolved by the trial court against the plaintiff. As to the check—even with the notation on the stub —this might have been a fact from which the trial court could have drawn an inference in plaintiff's favor. That it did not do so, may have been due to the testimony that the check was given the plaintiff because of a sale of real estate and not of securities, and his one-half per cent to be based on the sale of primary securities did not cover it. Here again the question is one of fact. So too, is the effect to be given the terms of employment of those who came before and followed plaintiff in defendant's service. Just possibly, the trial court *might* have been caused to credit plaintiff's version of the deal made with him because of that made with the other two. Certainly, those deals do not determine, as a matter of law, that the plaintiff and not the defendant's president, reported the true facts.

The judgment is affirmed.

Vallée, Acting P. J., and Ford, J., concurred.